ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc. App.R. 11.1. The purpose of an accelerated appeal is to permit an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
{¶ 2} Defendant-appellant Dwayne Rogers appeals from the trial court's determination that he is a sexual predator. In his sole assignment of error, he argues the determination lacks a sufficient evidentiary basis. This court disagrees.
{¶ 3} Initially, it must be noted that the Ohio Supreme Court has stated the trial court is to engage in a weighing process when considering any factors it finds relevant to a sexual predator determination. State v. Thompson (2001), 92 Ohio St.3d 584. A review of the trial court's decision in this case, therefore, cannot depend upon the "sufficiency" of the evidence presented. A de novo review of the evidence is inappropriate; rather, an appellate court should ascertain whether the record supports a conclusion the appellant had a fair hearing, was ably represented by competent counsel, and whether the trial court both considered the criteria under R.C. 2950.09(B)(2) and fairly evaluated the evidence. State v. Cook (1998), 83 Ohio St.3d 404, 426. In making its determination, the trial court considers not whether the evidence presented correlates with certain elements of either a statutory offense or a civil claim, as it would in a "sufficiency" review, but instead whether the evidence relates to certain non-exclusive factors. R.C. 2950.09(B)(2).
{¶ 4} The trial court in this case, in arriving at its decision, had before it evidentiary materials that support its determination appellant is a person who is "likely to engage" in future sexual offenses.
{¶ 5} Appellant, who was twenty-two years old at the time of the commission of the crimes, had entered pleas of guilty after confessing to two counts of rape; the victims were females aged six and seven. Just one month prior to committing the offenses in this case, he also had committed gross sexual imposition upon a female aged three. Appellant subsequently had been diagnosed by a psychiatrist with "borderline personality disorder," dysthymia, and both polysubstance and alcohol dependence. Although he had obtained treatment for his alcohol dependence while in prison, he had not completed any sexual offenders programs.
{¶ 6} The record reflects the trial court considered this evidence in conjunction with the applicable statutory factors at an appropriately-conducted hearing. State v. Eppinger (2001),91 Ohio St.3d 158. Consequently, appellant's assignment of error lacks merit. State v. Hills (Feb. 7, 2002), Cuyahoga App. No. 78546; State v.Colpetzer (Mar. 7, 2002), Cuyahoga App. No. 79983.
The trial court's determination is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and TERRENCE O'DONNELL, J. CONCUR